Kaufman, Dolowich & Voluck, LLP
25 Main Street, Suite 500
Hackensack, New Jersey 07601
(201) 708-8240
Attorneys for Plaintiff
Reinauer Transportation Companies, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Reinauer Transportation Companies, LLC,<br><br>   Plaintiff,<br>-against-<br><br>M/T SEANOSTRUM, in rem, Seanostrum Tanker Limited and Valles Steamship (Canada), Ltd.,<br><br>   Defendants, | ___ Civ. ___ (  )(  )<br><br>**VERIFIED COMPLAINT** |

Reinauer Transportation Companies, LLC, (hereinafter "Reinauer") by its attorneys, Kaufman, Dolowich & Voluck, LLP, as and for its Verified Complaint, against M/T SEANOSTRUM, her engines, tackle and apparel, etc., *in rem*, Seanostrum Tanker Limited, and Valles Steamship (Canada), Ltd, *in personam,* states upon information and belief as follows:

**JURISDICTION AND VENUE**

  1. This is an action within this Court's admiralty jurisdiction pursuant to 33 U.S.C. § 1333, Fed. R.Civ. P. 9(h), the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Court's pendant and/or supplemental jurisdiction. Plaintiff, Reinauer, as set forth herein, seeks among other relief, an Order of Arrest of a vessel pursuant to Supplemental Rules C, E (2)(a) for Admiralty and Marine Claims of the Federal Rules of Civil Procedure.

2. Venue is proper in this Court because at all times applicable to this law suit, and presently, the Vessel is within this District or will be within the District while this action is pending. Venue is also proper pursuant to 28 U.S.C. § 1391(3) because no district in which an action may otherwise be brought as provided for in 28 U.S.C. § 1391 exists, and all defendants are subject to the Court's personal jurisdiction with respect to this this action in this district

## THE PARTIES

3. Plaintiff Reinauer is a Delaware limited liability company with a principle place of business located at 1983 Richmond Terrace, Staten Island, New York.

4. Reinauer operates a marine transportation business.

5. At all times applicable to the allegations of this Complaint, Reinauer owned and operated tug boat AUSTIN REINAUER, Official Number 588646.

6. At all times applicable to the allegations of this Complaint, Reinauer owned and operated barge RTC 100, Official Number 1170443.

7. Defendant *in rem* M/T SEANOSTRUM, call sign VRA06, IMO Number 9259185, at all times applicable to the allegations of this Complaint, was, and is, a crude oil tanker, flying the flag of Hong Kong.

8. Defendant, Seanostrum Tanker Limited, at all times applicable to the allegations of this Complaint, upon information and belief, was, and is a Marshall Island business entity, and the owner and/or operator of M/T SEANOSTRUM.

9. Defendant Valles Steamship (Canada), Ltd., at all times applicable to the allegations of this Complaint, upon information and belief, was, and is, a Canadian business entity with a principle place of business at 1055 W. Hasting St., Vancouver, British Columbia, and the owner and/or operator and/or manager of M/T SEANOSTRUM.

## COUNT 1

### IN REM against the Vessel M/T SEANOSTRUM

10. Plaintiff incorporates paragraphs 1 — 9 above as though and fully repeated herein.

11. On June 6, 2019 Reinauer's tug AUSTIN and barge RTC 100 were underway northbound in the Arthur Kill, the tidal body of water located between New Jersey and Staten Island, enroute to New Haven, Connecticut at about 1315 hours. Tug AUSTIN was pushing RTC 100.

12. At approximately 1315 hours, M/T SEANOSTRUM, under its own power, was navigating in a southerly direction in the Arthur Kill.

13. Prior to 1315 hours the mate of tug AUSTIN was in communication with the docking pilot aboard M/T SEANOSTRUM, who directed that the vessels pass port-to-port in the Arthur Kill.

14. While M/T SEANOSTRUM was passing tug AUSTIN and its tow, barge RTC 100, port-to-port at approximately 1315 hours in the Arthur Kill on June 6, 2019, M/T SEANOSTRUM, in violation of Rule 9 of the In-land Navigation Rules promulgated by the United States Coast Guard, 33 C.F.R. § 83.09, ("Narrow Channels") failed to keep as near to the outer limit of the channel and fairway which lay to the starboard of SEANOSTRUM as was safe and practicable, thereby embarrassing the navigation of tug AUSTIN and its tow, barge RTC

100. In addition, M/T SEANOSTRUM was navigated in violation of 33 C.F.R. § 83.09 of the In-land Navigation Rules ("look-out"), by failing to have an appropriate look-out in place to determine the positioning of the vessel, which, at the time of the incident, was in violation of Rule 9.

15. As a direct and proximate result of M/T SEANOSTRUM's violation of In-land Navigation Rule 9, 33 C.F.R. §§ 83.09, 83.05 tug AUSTIN's tow, barge RTC 100 was caused to impact two barges moored and/or docked on the ARTHUR KILL, causing damage to barge RTC 100 and the moored/docked barges, said damage exceeding Two Hundred and Fifty Thousand Dollars ($250,000).

16. M/T SEANOSTRUM, in passing tug AUSTIN and barge RTC 100, did so negligently, without due care on the part of M/T SEANOSTRUM's crew and navigators, in violation of sound maritime practices, and in violation of Navigation Rule 9, 33 C.F.R. §§ 83.09, 83.05.

17. M/T SEANOSTRUM's negligent navigation in passing tug AUSTIN and barge RTC 100, in violation of Navigation Rule 9, 33 C.F.R. §§ 83.09, 83.05 invokes application of the rule set forth in *The Pennsylvania*, 86 U.S. 148 (1874), whereby M/T SEANOSTRUM bears the burden of proving that the statutory violation did not cause the collision and that the violation could not have contributed to the collision.

18. As a result of M/T SEANOSTRUM's negligence in navigation and violation of sound maritime practice and the applicable navigational rules, Reinauer has been damaged in excess of Two Hundred and Fifty Thousand Dollars ($250,000) for which M/T SEANOSTRUM is liable, *in rem.*

## COUNT II

## NEGLIGENCE AS AGAINST ALL DEFENDANTS

19. Plaintiff incorporates paragraphs 1 — 18 above as though and fully repeated herein.

21. Defendants M/T SEANOSTRUM, Seanostrum Tanker Limited and Valles Steamship (Canada), Ltd., at all times applicable to the allegations of the Complaint in this case, had the obligation to provide a competent crew, including pilots, and to navigate M/T SEANOSTRUM in a non-negligent manner, compliant with all applicable statutes.

22. Defendants breached such duties and obligations, by failing to crew M/T SEANOSTRUM with a competent crew, including pilots, and by its crew/pilots operating said vessel negligently, and in violation of sound maritime practice, and the applicable statutory rules of navigation, so as to embarrass the navigation of tug AUSTIN and barge RTC 101, said vessels being without fault in the resulting collision with the moored/docked barges.

23. As a result, defendants are liable to plaintiff Reinauer for damages, which exceed Two Hundred and Fifty Thousand Dollars ($250,000).

## **DEMAND FOR JUDGEMENT:**

WHEREFORE, plaintiff respectfully demands judgment and pray as follows:

A. Pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C a warrant be issued for the arrest of the M/T SEANOSTRUM and that all persons claiming an interest therein be cited to appear and answer the matters stated herein;

B. M/T SEANOSTRUM be condemned and sold to satisfy the in rem judgment;

C. Judgment be entered in favor of plaintiff against M/T SEANOSTRUM, *in rem*, for all sums demanded herein, plus interest, costs, an attorney fees;

D. That this Court enter judgment against defendants Seanostrum Tanker Limited and Valles Steamship (Canada), Ltd., in the amount of at least Two Hundred and Fifty Thousand Dollars ($250,000).

E. That this Court award plaintiff such other and further relief as is proper.

Dated: July 8, 2019

                                              Kaufman, Dolowich & Voluck, LLP
                                              Attorneys for Plaintiff
                                              Reinauer Transportation Companies, LLC

By:_____
                                              Gino A Zonghetti
                                              25 Main Street, Suite 500
                                              Hackensack, N.J. 07601
                                              (201) 708-8240
                                              Gzonghetti@kdvlaw.com

## VERIFICATION:

Albert H. Reinauer, Vice President of Reinauer Transportation Companies, LLC, declares under penalty of law as follows:

1. I am the Vice President of Reinauer Transportation Companies, LLC, and I am duly authorized to verify the Complaint filed in this action.

2. I have reviewed the allegations of the Verified Complaint, which to the best of my knowledge and belief are true and accurate.

3. The basis of my knowledge and belief that the allegations of the Verified Complaint and true and accurate is my review of various documents prepared and maintained by employees of Reinauer Transportation Companies, LLC as a result of the incident underlying this law suit, including, but not limited to an incident report, vessel documents and data, and other documents prepared and maintained by employees of Reinauer Transportation Companies, LLC as a result of the incident underlying this law suit.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated: July 8, 2019

_____
Albert H. Reinauer
Vice President
Reinauer Transportation Companies, LLC

7